UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV58-3-MU

| | |
|---|---|
| STEVEN LAMAR LEAK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BOYD BENNETT, Director of Prisons, ) et al., ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Steven Lamar Leak's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1.) Also before the Court is the State's Motion for Summary on Summary Judgment (Document No. 4), and Petitioner's "Response to State Motion for Summary Judgement" (Document No. 6), in which he raises a new <u>Blakely</u> claim. Petitioner's response will be treated as a motion to amend.

**I. Factual and Procedural Background**

A review of the record reveals that on July 18, 2000, Petitioner and two other men approached Prime Leon Jones on Green Street in Monroe. Petitioner asked to borrow Jones' lighter. After using the lighter, he asked Jones if he was carrying any money. Jones claims that Petitioner then drew a dark colored pistol from beneath his shirt, pointed it at him and told him "to give it up." Jones asked Petitioner why he was doing this, and Petitioner fired the gun past Jones' head and stole his wallet, jewelry and house keys. Petitioner and the other two men then began removing Jones' clothing but ran away when the police arrived in a patrol car. Jones told the police he was robbed at

1

gun point by three men and claimed that the Petitioner had fired the gun by his head. Petitioner was apprehended a few minutes later outside of a nearby apartment building. The police officer searched Petitioner and found Jones' jewelry, wallet, money and keys, but no gun was found. Police did discover "one impression that is consistent with what a small caliber firearm would leave" on a cement curb in the area of the robbery.

Petitioner was convicted after a jury trial of assault with a deadly weapon, robbery with a dangerous weapon, possession of a firearm by a convicted felon and having achieved the status of habitual felon. He was sentenced to two consecutive terms of 133-169 months plus 120 days imprisonment in cases 00crs 11262, 65 and 52988.

On October 15, 2002, the North Carolina Court of Appeals issued an unpublished opinion affirming Petitioner's underlying convictions but arresting judgment on the habitual felon status and remanded for re-sentencing. Petitioner was re-sentenced on May 29, 2003 to 20-24 months, 100-129 months, plus 120 days imprisonment.

On June 20, 2003, Petitioner filed a pro se certiorari petition and motion for appointment of counsel, which were denied on August 21, 2003. Petitioner filed the instant petition on February 12, 2004 claiming that there was insufficient evidence that he possessed a gun or robbed with a dangerous weapon.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not

> grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits,'" that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

**A. Insufficiency of the Evidence Claim**

Petitioner claims that there was insufficient evidence that he possessed a gun or robbed with a dangerous weapon. In support of this claim, Petitioner argues that while the victim claimed that the Petitioner fired a shot, the police officers who were parked 2 to 3 blocks away with their windows

3

down, testified that they did not hear a gun shot. Further, Petitioner was apprehended very close to the scene of the crime. He was searched and the police found the victim's jewelry, money, wallet and keys, however, the police did not find a gun in Petitioner's possession or in the surrounding area. Finally, the police officer who testified that the indentation in the curb was consistent with what a small caliber firearm would leave also testified that he was not sure what caused the indentation.

While claims of insufficient evidence are cognizable on collateral review, a federal court's review of such claims is "sharply limited." Wright v. West, 505 U.S. 277, 296 (1992). Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review. Id. at 292. A defendant is entitled to relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). In making this determination, the reviewing federal court must view the evidence in the light most favorable to the prosecution. Wright v. West, 505 U.S. 277. When there are conflicts in the evidence, it is for the jury and not the reviewing court to weigh the evidence and judge the credibility of the witnesses. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Here, as explained by the North Carolina Court of Appeals' opinion, the evidence was sufficient to support the jury's finding that Petitioner possessed a gun and robbed with a dangerous weapon. The North Carolina Court of Appeals' opinion states in pertinent part as follows;

> Defendant contends that the trial court erred in denying his motion to dismiss, absent substantial evidence that he possessed or used a handgun during the robbery. We disagree. A motion to dismiss is properly denied if the evidence, viewed in the light most favorable to the State, is sufficient to permit a reasonable jury to find defendant guilty beyond a reasonable doubt. See State v. Earnhardt, 307 N.C. 62, 292 S.E. 649 (1982). Here, Jones' testimony, as corroborated by his statement to Officer Smith immediately after the robbery, was sufficient to support a finding that defendant brandished and fired a handgun. See State v. Roddey, 110

N.C. App. 810, 813, 431 S.E.2d 245, 248 (1993). "The fact that no [gun] was found does not automatically preclude the existence of substantial evidence, it only means that the credibility of Mr. [Jones] was at a premium in establishing the existence of substantial evidence." Id. Jones' credibility as a witness was a question of fact for the jury. Id. At 814, 431 S.E.2d at 248.

After reviewing the record, this Court finds that there was sufficient evidence for the jury to conclude that the Petitioner had a handgun and used it in the commission of the robbery. The victim reported to the police at the scene that the Petitioner fired a handgun near his head, he testified to the same at trial and the police officer from the scene testified that there was an indentation in the curb that could have been made by a small caliber firearm. The fact that there may also be another explanation for the indentation in the curb, does not concern this Court. That testimony was before the jury. This Court cannot re-weigh the evidence or make witness credibility determinations. Based on the evidence before the jury related to the handgun, this Court find that there was sufficient evidence for the jury to determine that Petitioner had a gun and used it during the robbery. Therefore, Petitioner's claim must be dismissed.

Further this Court find that the state court adjudication and denial of Petitioner's sufficiency of the evidence claim, is correct and fully consistent with United States Supreme Court precedent. The North Carolina Court of Appeals' opinion did not result in a decision contrary to, or involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Nor is the state court adjudication of this claim based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Petitioner has not satisfied either of these prongs and therefore his claim must fail on this basis as well.

**B. Petitioner's Motion to Amend**

On July 26, 2004, Petitioner filed a document entitled "Response to State Motion for Summary Judgment" (Document No. 6). In that document, Petitioner seeks to amend his petition to include a claim based on the United States Supreme Court holding in Blakely v. Washington, 124 S. Ct. 2531 (2004). Petitioner essentially argues that Blakely constitutes an intervening change in the law. Petitioner is correct, however, as explained below, the Supreme Court has not indicated that it can be retroactively applied to cases pending on collateral review.

Rule 15(a) provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Generally, under Rule 15(a) leave to amend shall be freely given, absent bad faith, undue prejudice to the opposing party, or futility of amendment. See Forman v. Davis, 371 U.S. 178, 182,83 (1962); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

The Court first notes that it is aware of the recent pronouncements in Blakely. However, the Fourth Circuit Court of Appeals has concluded that Apprendi, the case from which the Blakely ruling is derived, cannot be retroactively applied in cases such as this. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Furthermore, neither the Fourth Circuit nor the United States Supreme Court yet has indicated that Blakely can be retroactively applied on collateral review. Thus, in light of Sanders, it is likely that Blakely also will not be deemed to be retroactively applicable in collateral review contexts. Therefore, since the sentencing claims to which the petitioner has alluded would not be cognizable in these proceedings, and therefore would be futile, the Court will deny his Motion to Amend.

## IV. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is GRANTED; and

2. Petitioner's Petition for a Writ of Habeas is DENIED and DISMISSED.

3. The Clerk is directed to docket Petitioner's "Response to State Motion for Summary Judgment (Document No. 6) as a Motion to Amend.

4. Petitioner's Motion to Amend is Denied.

**Signed: June 23, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge